

E-FILED
Tuesday, 09 May, 2006 11:08:32 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS PEORIA DIVISION

| | | |
|---|---|---|
| ROBERT ABRAHAM ) | | CASE NO. 1:95-CR-10027-001-MMM |
| PETITIONER/DEFENDANT | ) | |
| | ) | U.S. District Court Judge |
| - v - | | Honorable Michael M. Mihms |
| | ) | |
| UNITED STATES OF AMERICA | ) | MOTION TO TRAVERSE F.B.I.'S |
| RESPONDENT/PLAINTIFF | | MOTION FOR TURNOVER OF |
| | ) | PROPERTY |

MOTION TO TRAVERSE F.B.I.'S MOTION FOR TURNOVER OF PROPERTY

TO THE HONORABLE U.S. DISTRICT COURT:

**NOW HERE COMES**, Petitioner/Defendant, Robert Abraham, acting in propria persona and in want of counsel and respectfully moves this Honorable Court to grant this MOTION TO TRAVERSE F.B.I.'S MOTION FOR TURNOVER OF PROPERTY, towards the interests of justice and to cure a subject matter jurisdictional defect issue.

# MEMORANDUM OF LAW

Petitioner/Defendant, Robert Abraham, was convicted of bank robbery on June 14, 1995 and was sentenced on September 26, 1995 to 272 months in prison and 5 years supervised release.

He was also ordered by the court to pay $27,370.00 in restitution to the First of America Bank. A payment plan was authorized and has gone into effect for many years to date. The Petitioner has already paid some $712.30 towards his obligations. A Institutional committment has already been established for a payment and no assumed future monies can be utilized as additional payments for Defendant. See, U.S. v. Hallman, 23 F. 3d. 821,

> " Indigence at the time of sentencing is, however, not a bar to ordering the appellant to pay restitution. The order of restitution, on the other hand, may not be based on some future fortuitous event that may befall the appellant, but must be based on realistic expectations."

In addition, the Court and its officers have delegated the restitution to be made from PRISON EARNINGS and not any or all other monies, gratuities or gifts sent to Defendant and therefore, this money the FBI is attempting to usurp from personal earnings is not justified and in fact illegal at best.

According to law, no State or government may withhold money taken from a Defendant five (5) years after the fact.  See, Federal Civil Judicial Procedure and Rules, Title 28 U.S.C. § 2461, Chapter 163 -- Fines, Penalties and Forfeitures, Mode of Recovery.

> (a) Whenever a civil fine, penalty, or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, in may be recovered in a civil action.

HOWEVER, there is a Statute of Limitations for such forfeiture and not an open ended amount of time can pass.  § 2462 states a

### TIME FOR COMMENCING PROCEEDINGS

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced **within five years** from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

The time has long since passed when any action might have been taken to confiscate or forfeiture could be issued, and five years has passed the deadline in any case.  The $970.00 and the $380.00 must be returned, with interest to its rightful owner, Defendant/ Robert Abraham.  Approximately $1,350.00 plus another $1,350.00 for interest.

- 3 -

FINALLY, DEfendant invokes the DOCTRINE OF RES JUDICATA, "The matter has been decided." The principle being that a cause of action once finally determined between parties by a competent tribunal can not afterwards be once again litigated between the parties or their privies in a new and different proceeding. See, <u>Stoll v. Gottlieb</u>, 305 U.S. 165, 170-71, 59 S. Ct. 134 (1976), res judicata encompasses two subsiday doctrines, claim preclusion and issue preclusion. Under claim preclusion, a final judgment on the merits of a claim BARS SUBSEQUENT LITIGATION OF THE CLAIM.

C L A I M   P R E C L U S I O N

> " prevents litigation of all grounds for, or defenses to, recovery that were previously available to parties, regardless of whether they were asserted or determined in the prior proceeding."

The relegated doctrine of ISSUE PRECLUSION ESTOPPEL, bars relitigation even in an action on a different claim, of all,

> " issues of fact or law that were actually litigated and necessarily decided in the prior proceeding."

Also see,

<u>Cromell v. County of Sac</u>, 94 U.S. 351, 24 L. Ed. 195,

> " The final judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever."

C O N C L U S I O N

Petitioner/Defendant, Robert Abraham, has now made a substantial showing that a attempted forfeiture is not allowed either by statute or U.S. Supreme Court law under res judicata doctrine. The FBI Case File No. 91-SI-47436, 1B5 and 1B6 are therefore void ab initio, that is, void from the beginning.

---

CLAIM    UPON    WHICH    RELIEF    MAY    BE    GRANTED

Petitioner has had his Fifth Amendment to the U.S. Constitution violated under the Due Process of Law Clause by the Plaintiff failing to proceed under federal law, federal statute and the federal constitution. His money must be returned with multiple compound interest or face suit under fraud by deception.

---

P R A Y E R    F O R    R E L I E F

Petitioner/Abraham prays this Honorable Court grant his motion and order the FBI and officials to return #1,350.00 plus interest and any other relief that is just, equitable and fair.

# CERTIFICATE OF SERVICE

I, Petitioner/Defendant, Robert Abraham, acting in propria persona and in want of counsel, swear under penalty of perjury that a true and correct copy of this MOTION TO TRAVERSE F.B.I.'S MOTION FOR TURNOVER OF PROPERTY, was mailed, postage prepaid, from the FCI-Pekin, Illinois legal mailbox, to the parties listed below on the 6 day of MAY, 2006.

Mailed to:

U.S. District Court
Clerk of the Court
100 N.E. Monroe, Room 309
Peoria, Illinois 61602

U.S. Attorney
Elizabeth L. Collins, Bar No. 487864
318 S. 6th Street
Springfield, Illinois 62701

Respectfully Submitted,

*Robert Abraham*

Robert Abraham
Illinois-2, #10412-026
P. O. Box 5000
Pekin, Illinois
61555-5000

Federal Bureau of Investigation
Attention: SA Donald L. Berecz
900 Linton Avenue
Springfield, Illinois
62703

- 6 -