E-FILED
Friday, 22 September, 2006  12:11:56 PM
Clerk, U.S. District Court, ILCD

FILED
SEP 2 2 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS IN THE PEORIA DIVISION

| | |
|---|---|
| ROBERT ABRAHAM<br>PETITIONER/DEFENDANT<br><br>- v -<br><br>UNITED STATES OF AMERICA<br>RESPONDENT/PLAINTIFF | CASE NO. 95-10027-001 (MMM)<br><br>U.S. District Court Judge<br>Honorable Michael M. Mihm<br><br>DEFENDANT'S TRAVERSE TO THE<br>GOVERNMENT'S MEMORANDUM OF LAW<br>IN SUPPORT OF APPLICATION FOR<br>WRIT OF GARNISHMENT (NON-WAGE) |

MOTION FOR DEFENDANT'S TRAVERSE TO THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF GARNISHMENT (NON-WAGE)

ROBERT ABRAHAM ACTING IN PROPRIA PERSONA

Robert Abraham
Indiana-2, #10412-026
P. O. Box 5000
Pekin, Illinois 61555-5000

U.S. District Court
Clerk of the Court
100 N.E. Monroe
Peoria, Illinois 61602

TABLE OF CONTENTS    PAGE(S)

MOTION FOR DEFENDANT'S TRAVERSE TO THE GOVERNMENTS MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF GARNISHMENT (NON-WAGE) . . . . . cover

TABLE OF CONTENTS . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . ii

TABLE OF STATUTES . . . . . . . . ii

MEMORANDUM OF LAW . . . . . . . . 2-6

CONCLUSION . . . . . . . . 6

CLAIM UPON WHICH RELIEF MAY BE GRANTED . . . . 6

PRAYER FOR RELIEF . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . 7

## TABLE OF AUTHORITIES         PAGE(S)

U.S. v. Blake, 81 F. 3d. 498. . . . . . 4

U.S. v. Sanchez-Estrada, 62 F. 3d. 981 (7th Cir. 1995) . 6

---

## TABLE OF STATUTES         PAGE(S)

U.S.S.G. § 5E1.2(a) . . . . . . . 3

U.S.S.G. § 5E1.2(d)(2) . . . . . . 3

U.S.S.G. § 5E1.2(f) . . . . . . . 3

18 U.S.C. § 3663(a)(2). . . . . . . 4

18 U.S.C. § 3664(a) . . . . . . . 4

Rule 11(c)(1) . . . . . . . . 5

---

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

DISTRICT OF ILLINOIS IN THE PEORIA DIVISION

| | | |
|---|---|---|
| ROBERT ABRAHAM<br>PETITIONER/DEFENDANT | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 95-10027-001 (MMM)<br><br>U.S. District Court Judge<br>Honorable Michael M. Mihm<br><br>DEFENDANT'S TRAVERSE TO THE<br>GOVERNMENT'S MEMORANDUM OF LAW<br>IN SUPPORT OF APPLICATION FOR<br>WRIT OF GARNISHMENT (NON-WAGE) |
| - v - | | |
| UNITED STATES OF AMERICA<br>RESPONDENT/PLAINTIFF | | |

MOTION FOR DEFENDANT'S TRAVERSE TO THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF GARNISHMENT (NON-WAGE)

TO THE HONORABLE U.S. DISTRICT COURT OF PEORIA DIVISION:

**NOW HERE COMES**, Petitioner/Defendant, Robert Abraham, acting in proria persona and in want of counsel, hereby and respectfully request that this Honorable Court grant this MOTION FOR DEFENDANT'S TRAVERSE TO THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF GARNISHMENT (NON-WAGE) towards the interests of justice.

- 1 -

# MEMORANDUM OF LAW

Petitioner/Defendant, Robert Abraham contends that all of the government's arguments concerning said restitution, garnishment or any other type of forfeiture, are irrelevant because of statutes of limitations, and devices called LACHES. Referring to the original court action, the plea agreement as well as the Presentence Report, restitution was agreed upon by all parties, including the government.

There is simply no authority granted the government, probation department, Bureau of Prisons, Federal Bureau of Investigation, or any other agency OTHER THAN the United States District Court for whom the sole legal judicial jurisdiction lies. It is far from the remedies of non judicial authorities to order any amount, let alone the full amount of restitution other than already agreed upon and currently being paid regularly by this Defendant. After 12 years of making payments, the government, acting illegally as collection agencies, cannot now, or any other time, come waltzing in to announce a grand scheme to attempt to demand $56, 137.07, knowing full well that Defendant can barely make the current payments.

Then, after abandoning that scheme, create another diversionary plan to circumvent the sentencing agreement, in spite of the judge's order to make payments, create a superficial arrangements, without legal authority, in order to abscond with personal property it has illegally held for 12 years.

It is the belief that Petitioner/Defendant, actually should not have to pay any restitution including the money already paid, however, that is not the present argument. Defendant simply wants all the property and monies the government, F.B.I., district court, or any other agency claiming Petitioner's legal property.

The court already determined that Petitioner was INDIGENT in appointing a public defender to his case. Under U.S.S.G. § 5E1.2(a), Defendant is unable to pay a fine or restitution, either all at once or in payments over a time period. Defendant has no assets, property, bank accounts, stocks, bonds, gold mines, etc., and his PSI reflects this indigency. There was no evidence at sentencing that would otherwise make it possible for Defendant to make resonable restitution over the entire period of incarceration.

§ 5E1.2(d)(2) makes this clearly a point of contention for any likelihood of restitution by Defendant. Waiver of the normally required monetary punishment governed by U.S.S.G. § 5E1.2(f), which provides in part:

> "If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to be able to pay all or part of the fine (restitution) required by the preceding provisions, or (2) imposition of

- 3 -

"of a fine (restitution) would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine."

Under 18 U.S.C. § 3663(a)(2), courts in criminal cases, to the extent agreed to by parties in a plea agreement, must pay the restitution ordered. See, <u>U.S. v. Blake</u>, 81 F. 3d. 498,

" This court has repeatedly held that in order to ensure effective appellate review of restitution orders, sentencing courts must make explicit findings of fact on each of the factors set forth in 18 U.S.C. § 3664(a) ... Such findings must tie the amount and type of restitution ordered to the financial resources, financial needs, and earing ability of the defendant."

" Moreover, the court must make a specific finding that the defendant feasibly can comply with the order without due hardship to himself or his dependents. The district court may satisfy this requirement by announcing its findings on the record or by adopting adequate proposed findings contained within a pre-sentence report."

- 4 -

Petitioner/Defenant, claims that the district court failed to (1) put on record specific findings of Defendant's earning ability or financial needs, (2) make a factual determination that Defendant could make the necessary restitution payments without due hardship to himself or his family, and (3) adopt a presentence report containing adequate findings as to these factors.

In addition, it was the district court's obligation to follow Rule 11(c)(1), which requires the court to explicitly to inform the Defendant, before accepting his guilty plea, that the court may order him to pay restitution to the victims of the crime. The court order of restitution may not be based on some future fortuitous event that may befall the Defendant, but must be based on realistic expectations. Being incarcerated in federal prison for decades is not considered fortuitous expectations.

Defendant has shown good faith in paying restitution as ordered by this Honorable Court and shall willingly continue to do so, however, for the government to now, after 12 years, demand payment all at once on the balance, is not only absurd, but illegal and unsound law. Laches prevent any sort of garnishment, forfeiture, seizure or restitution other that this court already ordered and was agreed upon by all parties, including the government.

Also, the Seventh Circuit has made their opinion not to take money other than from prison earnings.

See, <u>U.S. v. Sanchez-Estrada</u>, 62 F. 3d. 981 (7th Cir. 1995), The Seventh Circuit upheld district court's order that defendant's fines be paid out of prison earnings. The Inmate Financial Responsibility Program permits prisoners to retain half of their earned prison wages, with the other half available to pay debts, such as alimony, civil debts and fines. Restitution should also be accorded the same opportunity to protect outside property not already ordered by the court for seizure, forfeiture, garnishment or any other withholding.

C O N C L U S I O N

Restitution should be held in abeyance until Defendant is released from federal incarceration and property held in pretense of furtherance of punishing Defendant is against due process of law established in the 5th Amendment to the U.S. Constitution.

CLAIM   UPON   WHICH   RELIEF   MAY   BE   GRANTED

All seized money and properties returned to Defendant.

PRAYER   FOR   RELIEF

Petitioner prays that this Honorable Court order the F.B.I., government and all other agencies to send Defendant's money and property to address given in previous motions and any other relief this Court deems fair, just and equitable.

# CERTIFICATE OF SERVICE

Petitioner/Defendant, Robert Abraham, herein swears under penalty that a true and correct copy(s) of this MOTION FOR DEFENDANT'S TRAVERSE TO THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF GARNISHMENT (NON-WAGE), was mailed, postage prepaid, from the FCI-Pekin, Illinois, legal mailbox, and sent to the parties listed below in a timely manner, on the 21 day of September, 2006.

Respectfully Submitted,

Mailed to:

*Robert Abraham*

U.S. District Court
Clerk of the Court
100 N.E. Monroe
Peoria, Illinois
   61602

Robert Abraham
Indiana-2, #10412-026
P. O. Box 5000
Pekin, Illinois 61555-5000

Federal Bureau of Investigation
Attention: SA Donald L. Berecz
900 Linton Avenue
Springfield, Illinois 62703

U.S. Attorney's Office
Elizabeth L. Collins,
Bar No. 487864
318 S. 6th Street
Springfield, Illinois 62701

- 7 -