## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 95-10027-01 |
| | ) | |
| ROBERT ABRAHAM, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Garnishee. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR TURNOVER ORDER

The United States submits the following statements of facts and law in support of its motion for a turnover order:

1.  On September 26, 1995, the Defendant was sentenced to 272 months in prison for his convictions for Armed Bank Robbery (2 counts), Use of a Firearm During Crime of Violence, and Possession of a Firearm by a Felon; and ordered to pay restitution totaling $57,711 to two banks.

2.  The balance of the criminal restitution debt owed as of November 17, 2006, is $56,092.07.

3.  The United States Attorney, by delegation of the Attorney General, has the responsibility to enforce collection of criminal restitution orders. 18 U.S.C. § 3612(c).

4.  The United States may enforce a criminal restitution order in accordance with the procedures for enforcement of a civil judgment under Federal law.  18 U.S.C. §3613 (a) & (f).

5.  The Federal Debt Collection Procedures Act (FDCPA) is the civil procedure for the United States to recover a judgment on a debt. 28 U.S.C. §3001 (a).  The definitions of "judgment" and "debt" include a criminal judgment and restitution. 28 U.S.C. §3002 (3) & (8).

-2-

6.  This garnishment proceeding was brought pursuant to the post-judgment garnishment provisions of the FDCPA.  28 U.S.C. §3205.

7.  Pursuant to the Court's Order (Doc. 140), a Writ of Garnishment was issued (Doc.142) which was served on Garnishee (Doc. 145) and the Defendant (Doc.143), and the Defendant was advised of his right to a hearing by the Clerk's Notice (Doc.143).

8.  On September 22, 2006, the Defendant filed a pleading (Defendant's Traverse to the Government's Memorandum of Law in Support of Application for Writ of Garnishment (Non-Wage)) which challenged the garnishment based on the statute of limitations, laches and the validity of the underlying judgment; and requested that "restitution be held in abeyance until he is released from federal incarceration."  (Doc. 144)

9.  On September 27, 2006, this Court found that nothing in the Defendant's pleading disrupts the Court's previous findings and conclusions regarding the Government's application for Writ of Garnishment.

10.  On October 2, 2006, the Defendant filed a "Summary of Exemptions and Claim of Exemption Form" in which he did not claim any exemptions, but then did request a hearing on his claims.

11.  On October 5, 2006, the Garnishee filed an Answer stating the Garnishee held property in it's possession of defendant Robert Abraham being currency in the amount of $970 which was seized through search warrants on March 24, 1995, and March 27, 1995, which funds are currently being held by the FBI in case file 91 A-SI-47436, Evidence #1B5; and currency in the amount of $390 taken at the time of arrest of the defendant on March 24, 1995, which funds are currently held in case 91 A-SI-47436, Evidence #1B6, which answer was served on the Garnishee. (Doc. 147)

12.  The FDCPA provides that the Defendant may file within 20 days after the receipt of the answer, a written objection to the answer and request a hearing.  28 U.S.C.§3205(c)(5)

-3-

11.  The Defendant has not filed an objection to the answer,  his previous objections to garnishment have been denied, and he did not make any claims in the pleading in which he requested a hearing on his claims.

12.  The FDCPA provides that after the garnishee files an answer and if no hearing is requested within the required time period, the court shall enter an order directing the garnishee as to the disposition of the debtor's nonexempt interest in such property.  28 U.S.C. §3205(c)(7).

13.  The payments by the garnishee should be made to and through the Clerk of the U.S. District Court in accordance with 18 U.S.C. § 3611.

14.  The local rules provide that a response may be filed within 14 days after service of a motion. CDIL-LR 7.1(B)(1)

**WHEREFORE**, the United States moves for the entry of an order, after the 14 day response period has passed, directing **Federal Bureau of Investigation (FBI),**  to turn over to the Clerk of the **U.S. District Court, Attention: Finance Department, 100 N. E. Monroe, Rm 309, Peoria, Illinois 61602**, currency in the amount of $970 which was seized through search warrants on March 24, 1995, and March 27, 1995, which funds are currently being held by the FBI in case file 91 A-SI-47436, Evidence #1B5; and currency in the amount of $390 taken at the time of arrest of the defendant on March 24, 1995, which funds are currently held in case 91 A-SI-47436, Evidence #1B6 after the Defendant is afforded a 14 days to respond to this motion.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/Elizabeth L. Collins
Elizabeth L. Collins, Bar No. 487864
Attorney for the Plaintiff
United States Attorney's Office
318 S. 6th Street, Springfield, Illinois 62701
Tel: 217-492-4450  Fax: 217-492-4888
E-mail: Beth.Collins@usdoj.gov

DATE: November 21, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that I mailed a copy of the Memorandum of Law  to:


Robert Abraham, #10412-026
Federal Correctional Institute
2600 South Second Street
Pekin, Illinois 61555

Federal Bureau of Investigation
Attn:  SA Greg Spencer
One Technology Plaza
211 Fulton, Suite 710
Peoria, Illinois 61602



Date: November 21, 2006

s/Elizabeth L. Collins
Elizabeth L. Collins, Bar No. 487864
Attorney for Plaintiff
United States Attorneys Office
318 S. 6th Street
Springfield, Illinois 62701
Telephone:  217-492-4450
Fax: 217-492-4888
E-mail: Beth.Collins@usdoj.gov