UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
DEC 1 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 95-10027-01 |
| ) | |
| ROBERT ABRAHAM, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Garnishee. ) | |

**GARNISHMENT TURNOVER ORDER**

Upon consideration of the motion by the United States to turnover the Defendant's funds, the pleadings by the Defendant, and the record in this case; the Court finds as follows:

1. The Federal Bureau of Investigation (FBI) has possession, custody or control of funds belonging to the Defendant being $970.00 which was seized from a safe at his residence pursuant to search warrants on March 24 and 25, 1995, and $390.00 taken at the time of his arrest on March 24, 1995.

2. On September 26, 1995, the Defendant was sentenced to 272 months in prison for his convictions for Armed Bank Robbery (2 counts), Use of a Firearm During Crime of Violence, and Possession of a Firearm by a Felon; and ordered to pay restitution totaling $57,711 to two banks in this case.

3. The balance of the criminal restitution debt owed as of November 17, 2006, is $56,092.07.

4. Pursuant to its responsibility to enforce criminal restitution orders, the United States filed the present garnishment proceeding pursuant to the provisions of the Federal Debt Collection Procedures Act to obtain the Defendant's funds in the custody of the FBI for payment on the Defendant's criminal restitution order.

5. The United States has complied with the garnishment procedures of the Federal Debt Collection Procedures Act.

6. The Defendant has not claimed that the funds are exempt; nor are they exempt under any of the applicable statutory exemptions.

7. The United States has filed a motion and supporting memorandum for a turnover order for the FBI to turn over the funds it is holding to the Clerk of the District Court to be applied to the Defendant's restitution order.

8. The Defendant has filed a "Motion to Quash Any Turnover Order for Failure to Overcome Limitations Laches," in which he claims the suit is barred by laches. (Docs. 150 & 151)

9. As a general rule, the United States is not subject to the equitable defense of laches in enforcing its rights or protecting a public interest; and even if laches were applicable, any delay in enforcement did not prejudice the Defendant in asserting his defenses to this garnishment.

WHEREFORE, it is **ORDERED** that the Federal Bureau of Investigation (FBI), Peoria, Illinois, turnover the $970.00 and $390.00 currently held by the FBI in Case File 91 A-SI-47436 #1B5 and #1B6, to the Clerk, United States District Court, 100 N.E. Monroe, Rm 309, Peoria, Illinois 61602, to be paid towards the restitution ordered in this case.

s/ Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

**ENTERED:** This 13th day of December, 2006.